# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CLODIS SHANE MCCUIEN                                              PLAINTIFF

V.                  NO. 4:18CV00210 BRW-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security               DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.**   **Introduction:**

Plaintiff, Clodis Shane McCuien ("McCuien"), applied for disability benefits on December 9, 2014, alleging disability beginning on October 1, 2014. (Tr. at 18). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 28). The Appeals Council denied his request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II. **The Commissioner's Decision:**

At the time of the hearing, McCuien was 33 years old and weighed 352 pounds. (Tr. at 24, 27). The ALJ found that McCuien had not engaged in substantial gainful activity since the alleged onset date of October 1, 2014. (Tr. at 20). At Step Two, the ALJ found that McCuien has the following severe impairments: posterior tibial tendon dysfunction, bilateral flat feet, obesity, and mood disorder. (Tr. at 20).

After finding that McCuien's impairment did not meet or equal a listed impairment (Tr. at 21), the ALJ determined that McCuien had the residual functional capacity ("RFC") to perform the full range of sedentary work, except that: (1) he is limited to occasional stooping, crouching, crawling, kneeling, bending, and balancing, and is unable to operate foot controls; and (2) he is limited to simple, routine, and repetitive tasks where the supervision is simple, direct, and concrete. (Tr. at 23).

The ALJ found that, based on his RFC, McCuien was unable to perform any past relevant work. (Tr. at 27). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on McCuien's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as a final assembler of optical goods and

surveillance systems monitor. (Tr. at 28). Thus, the ALJ found that McCuien was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*,

3

784 F.3d at 477.

B. McCuien's Arguments on Appeal

McCuien contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that: (1) the ALJ did not give proper weight to the opinion of podiatrist Jesse Burks, D.P.M.; and (2) the RFC did not fully incorporate McCuien's limitations, in particular, his psychiatric symptoms. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

McCuien's main physical problem was foot pain. In December 2014, he was instructed by his doctor to start Gabapentin for pain, which he admitted was helpful. (Tr. at 399, 425). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). McCuien's podiatrist, Dr. Burks, treated him conservatively, recommending inserts, physical therapy, and exercise. (Tr. at 399, 406, 416). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Notably, McCuien remained obese throughout the relevant time-period, and he admitted that he did not watch his diet or exercise as prescribed. (Tr. at 413). Refusal to follow a prescribed course of treatment undercuts a claimant's allegations of disability. *Kisling v. Chater*, 105 F.3d 1255,

4

1257 (8th Cir. 1997).

In August 2015, McCuien was diagnosed with posterior tibial dysfunction and Achilles contracture. (Tr. at 422). He was also diagnosed with severe pes planus deformity. (Tr. at 423). On December 1, 2015, he had surgery on his feet to correct his problems. (Tr. at 427-428). In January 2016, he told Dr. Burks that he was doing well with no pain in his lower extremity. (Tr. at 419). He had a well-healed alignment of the arch. *Id*. By February 2016, the fusion was "improving and progressing," according to Dr. Burks. (Tr. at 418). In March 2016, he had good alignment of the left foot with no adverse signs and only mild tenderness. (Tr. at 417). Neurontin was helping with pain relief. *Id*. In April 2016, Dr. Burks found no complications at the fusion site. (Tr. at 416). Improvement in strength and diminished pain supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

In November 2016, McCuien complained of more pain, and an x-ray showed broken hardware at the fusion site. (Tr. at 25). However, though surgery was discussed to remediate, he never had that surgery. And after October 2016, he did not refill any further pain medicine prescriptions. *Id.* So by the end of the relevant time-period, his pain was not disabling.

Dr. Burks filled out a medical source statement indicating that McCuien could

5

not perform even sedentary work and would need to elevate his feet during the day. (Tr. at 547). He said McCuien would miss 2 to 3 days of work per month. *Id.* However, Dr. Burks' own reports showed improvement after surgery and positive response to medication. No further surgery was undertaken. And nowhere in the records from the relevant time-period did Dr. Burks instruct McCuien to elevate his feet. Nor did he place any functional workplace restrictions on him. The Eighth Circuit has held that "physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies." *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005).

Moreover, McCuien's daily activities undermine his claim that he is totally disabled. He can prepare simple meals, drive, attend to personal care, go outside, and shop in stores. (Tr. at 282-287). And he said he spends most of his days sitting at home playing games on his phone, which is consistent with an RFC for sedentary work. (Tr. at 66). Considering the medical evidence and McCuien's own testimony, the ALJ properly gave Dr. Burks' opinion partial weight. He clearly credited some of Dr. Burks' opinion because although the state-agency reviewing physicians assigned a light RFC, the ALJ decided McCuien could only perform sedentary work, with postural limitations. (Tr. at 114).

For the reasons discussed above, the physical RFC properly incorporated

McCuien's limitations. As for the mental RFC for simple work, it fully incorporated the mental health evidence. The only record of treatment is a handful of therapy appointments at Southeast Arkansas Behavioral Healthcare. (Tr. at 530-540). Only outpatient care was recommended, and McCuien discontinued that care in December 2016. McCuien bootstrapped his argument that mental health conditions limited him; he did not even allege mental problems in his application paperwork. (Tr. at 93). Certainly, the ALJ gave McCuien the benefit of the doubt in assigning an RFC for simple work; treatment was sparse and McCuien was quite capable of performing activities of daily living. The ALJ did not err in denying benefits.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that McCuien was not disabled. The ALJ gave proper weight to the medical opinions and the RFC incorporated McCuien's limitations.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 5th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE